# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 18, 2010

## STATE OF TENNESSEE v. DAWN FOX NEWHOUSE

**Appeal from the Circuit Court for Robertson County**
**No. 07-0503     Michael R. Jones, Judge**

_____

**No. M2009-02531-CCA-R3-CD - Filed September 9, 2010**

_____

The Defendant, Dawn Fox Newhouse, pleaded guilty to theft of services over $10,000, a Class C felony.  See Tenn. Code Ann. § 39-14-105(4).  She was sentenced as a Range I, standard offender to four years and six months and was placed on probation.  The trial court subsequently found that the Defendant violated her probation and sentenced her to serve 180 days in the Robertson County Jail.  The trial court later modified its order and allowed the Defendant to serve her 180 days on weekends.  Several months later, the Board of Probation and Parole alleged that the Defendant violated her probation again by incurring a new arrest. After a hearing, the trial court found that the Defendant violated her probation a second time and ordered that she serve the remainder of her sentence in the Department of Correction. In this appeal, the Defendant contends that the trial court erred by revoking her probation. After a review of the record, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ, joined.

Roger E. Nell, District Public Defender and Sarah R. King, Assistant Public Defender, Clarksville, Tennessee; and Timothy J. Richter, Assistant Public Defender, Springfield, Tennessee, for the appellant, Dawn Fox Newhouse.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On January 18, 2008, the Defendant pleaded guilty to theft of services over $10,000. She received a sentence of four years and six months and was placed on probation. On July 24, 2009, the trial court found that the Defendant violated the terms of her probation by providing false employment information to probation officers. The trial court sentenced her to serve 180 days in the Robertson County Jail, and the Defendant began to serve her sentence on August 7, 2009. However, on August 28, 2009, upon the Defendant's motion, the trial court modified her sentence and allowed her to serve her remaining 159 days on weekends.

On October 25, 2009, the Defendant was arrested for introducing contraband into a penal facility. The Board of Probation and Parole filed a probation violation report on October 30, 2009, indicating that the Defendant violated her probation by acquiring the new arrest. The Board alleged that the Defendant violated Rule 1, which states, "I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances." On November 20, 2009, the trial court held a violation of probation hearing regarding the matter.

Corporal Charles Arms, employed by the Robertson County Sheriff's Department, testified that he worked at the Robertson County Jail. He stated that on October 19, 2009, a female inmate was caught smoking in her cell. He recalled that he began to investigate where the contraband came from, and the Defendant became a suspect during the course of his investigation. Corporal Arms testified that he obtained a search warrant that allowed him to search the Defendant's body cavities.

When the Defendant came to the jail the next weekend, Corporal Arms booked her in and served her with the search warrant. He testified that, as part of the normal booking process, he asked her whether she had anything inside her that should not be there. He stated that she said that she did not. After asking her again, he stated that he showed her the search warrant and took her to the hospital so that a doctor could perform the cavity search.

Officer Guadeloupe Betanzos, a female correction officer in the Robertson County Jail, also accompanied the Defendant and Corporal Arms to the hospital. During the examination, Officer Betanzos stayed in the room with the Defendant, while Corporal Arms waited outside. She recalled that the doctor asked the Defendant whether there was anything in her body that should not be there and the Defendant said there was not. Officer Betanzos testified that the doctor examined the Defendant's vaginal area and used forceps to remove a "green tampon looking object" and a yellow balloon.

Corporal Arms testified that a nurse opened the green object and yellow balloon in front of him. He said that the green object had five pills, loose tobacco, rolling papers, and a lighter inside of it. He testified that the yellow balloon contained "numerous yellow and green pills" and that he had sent the pills to the Tennessee Bureau of Investigation laboratory, but had not yet received the test results back. Pictures of the items, as well as the items themselves, were entered into evidence as exhibits to the hearing.

The Defendant also testified at her probation violation hearing. She admitted that she brought the contraband into the jail and said, "It was the stupidest thing I've ever done." She stated that the pills were prescribed to her and that she brought the tobacco "because the other girls in the cell were smoking the weekend before and, you know." However, she also testified that she knew, at the time she tried to bring in the contraband, tobacco and pills—even her own prescription pills—were not permitted in the jail. The Defendant apologized for what she did and asked the trial court to give her another chance. She testified that her son had severe autism, such that he was not able to go to school, and that she needed to stay at home with him because she was his primary care giver. She also stated that, although she had previous arrests, she had never spent a night in jail until she had to serve the 180-day sentence.

The trial court found, "beyond a preponderance of the evidence, that the Defendant is in violation of her probation due to new criminal conduct of committing the new criminal offense of Introduction of Contraband into a Penal Institution." The trial court revoked the Defendant's probation and ordered that she serve the remainder of her original four-year and six-month sentence in the Department of Correction. In reaching his decision, the trial judge stated, "Even when she's been, really, given two different opportunities here; one postponed the incarceration and then the second one to let her out [sic] on weekends, then she starts bringing contraband into the jail. I think I've given her all the chances I can." The Defendant now appeals.

**Analysis**

The Defendant contends that the trial court abused its discretion by revoking her probation and ordering that she serve the remainder of her sentence in the Department of Correction. A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

The Board of Probation and Parole alleged that the Defendant committed the offense of introducing drugs or contraband into a penal institution. The applicable statute, contained in Tennessee Code Annotated section 39-16-201(b)(1), states, "It is unlawful for any person to: (1) Knowingly and with unlawful intent take . . . into any penal institution where prisoners are quartered or under custodial supervision any . . . intoxicants, legend drugs, or any controlled substances." A county jail constitutes a penal institution under the statute. See State v. Kilpatrick, 52 S.W.3d 81, 86 (Tenn. Crim. App. 2000). Tennessee Code Annotated section 53-10-101(a) defines a legend drug as "any item that federal law prohibits dispensing without a prescription from a licensed doctor, dentist, optometrist or veterinarian." See State v. Gloria M. Patton Stovall, M2004-01401-CCA-R3-CD, 2005 WL 1240171, at *3 n.1 (Tenn. Crim. App., Nashville, May 24, 2005) (discussing the statute regarding contraband in penal institutions and noting that "[a]lthough this definition is provided in a different part of the Code than that in which our violation statute is found, we conclude that the definition is certainly applicable in this context").

During the November 20, 2009 probation hearing, Corporal Arms testified that he obtained a search warrant that would allow him to search the Defendant's body cavities. He stated that, when the Defendant reported to the Robertson County Jail to perform her weekend jail service, he booked her into the jail. At that time, he asked her if she had anything inside her that should not be there, and she responded in the negative. He testified that he served her with the search warrant and transported her to the hospital so that a doctor could examine her. Officer Betanzos recalled that the doctor examined the Defendant's vaginal area and used forceps to remove a "green tampon looking object" and a yellow balloon. Corporal Arms testified that the green object and yellow balloon contained pills, tobacco, rolling papers, and a lighter. The Defendant admitted that the pills had been prescribed to her and that she brought the contraband into the jail, knowing the items were prohibited. Thus, we conclude that the trial court did not abuse its discretion when it found, by a preponderance of the evidence, that the Defendant committed the crime of introducing contraband into a penal institution, and therefore, violated the terms of her probation.

The Defendant also argues that the trial court did not really give her two different opportunities like it claimed, arguing that "both the delayed report date and the decision to let her serve her sentence on the weekends were from the same single decision to lock her

-4-

up." We disagree. Moreover, we have held "that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., Nashville, Feb. 10, 1999). The trial court acted within its discretionary authority to revoke the Defendant's probation and impose her original four-year and six-month sentence. See Tenn. Code Ann. §§ 40-35-310, -311(e). This argument has no merit.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.


_____

DAVID H. WELLES, JUDGE